# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RODNEY MATTHEWS,**
        **Plaintiff,**

      v.                                                     **Case No. 06-C-0282**

**MILWAUKEE AREA LOCAL, AMERICAN**
**POSTAL WORKERS UNION, AFL-CIO,**
        **Defendant.**

---

## DECISION AND ORDER

Plaintiff Rodney Matthews, a former postal worker, sued defendant, the Milwaukee Area Local of the American Postal Workers Union, AFL-CIO ("the union"), in state court alleging that it failed to fairly represent him in connection with a grievance that it filed on his behalf. The union timely removed the case because it presented a federal question and now moves for summary judgment.[1]

The relevant facts are as follows: On September 18, 2003, an incident occurred involving an allegation by the Postal Service that plaintiff took an unauthorized break and threatened a supervisor. Plaintiff had been subject to previous disciplinary proceedings and had entered into the rough equivalent of a last-chance agreement with the Postal Service wherein he agreed that any future threatening behavior would result in his termination. On September 22, 2003, as a result of the incident, the Postal Service put plaintiff on an emergency placement. On October 19, 2003, the union filed a grievance on plaintiff's behalf, challenging the emergency placement. On October 27, 2003, the Postal Service notified

---

[1] The union moved alternatively to dismiss and for summary judgment. Because both sides submit material outside the pleadings, I will treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(b); see also, Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

plaintiff that it intended to remove him as a postal worker, and it subsequently removed him. On November 7, 2003, the union filed a second grievance, this one challenging the removal. On January 8, 2004, the Postal Service denied the grievance relating to plaintiff's emergency placement on the merits. It raised no question as to the timeliness of the grievance. On January 15, 2004, the union appealed the grievance to arbitration. In the meantime, plaintiff decided to drop the grievance relating to his removal and instead to challenge the removal through an appeal to the Merit Systems Protection Board ("MSPB").

On August 13, 2004, the union entered into an agreement with the Postal Service to hold plaintiff's grievance challenging his emergency placement in abeyance pending the outcome of the MSPB proceeding. On September 8, 2004, an MSPB administrative law judge upheld plaintiff's removal. Plaintiff appealed, and on August 30, 2005, the MSPB upheld the administrative law judge's decision. The union concluded that in view of plaintiff's removal, it made sense to attempt to settle the emergency placement grievance, which involved a loss of only about eight days' pay. The Postal Service initially declined to pay anything in settlement, but ultimately settled the grievance for sixteen hours' pay.

Plaintiff's claim is that the union failed to fairly represent him in connection with the emergency placement grievance. He argues both that the union untimely filed the grievance and that it should have arbitrated it rather than holding it in abeyance pending the MSPB's decision regarding his removal. He contends that the union would have prevailed had it arbitrated the emergency placement grievance and that he would then have withdrawn his MSPB appeal and grieved his removal and that he would have also prevailed at the arbitration stage of the grievance relating to his removal.

I may grant the union's summary judgment motion only if the case presents no genuine issue of material fact. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, 477 U.S.

242, 248 (1986). In deciding the motion, I take all facts and the reasonable inferences from them in the light most favorable to plaintiff. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

As the exclusive bargaining representative of employees in a bargaining unit, a union has a statutory duty to represent fairly all employees in the bargaining unit. Vaca v. Sipes, 386 U.S. 171, 177 (1967). This includes "a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Id. (citing Humphrey v. Moore, 375 U.S. 335, 342 (1964)). A "breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Id. at 190, 916. While "a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion, we do not agree that the individual employee has an absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement." Id. at 191. Also, in "providing for a grievance and arbitration procedure which gives the union discretion to supervise the grievance machinery and to invoke arbitration, the employer and the union contemplate that each will endeavor in good faith to settle grievances short of arbitration." Id.

Courts should not second guess a union's evaluation relating to the merits of a grievance unless there is direct evidence of hostility or bad faith. Id. A union does not breach its statutory duty of fair representation "merely because it settled the grievance short of arbitration." Id. Finally, an "employee has no absolute right to have his grievance arbitrated under the collective bargaining agreement . . . and . . . a breach of the duty of fair representation is not established merely by proof that the underlying grievance was meritorious." Id. at 195, 919. A "union's actions are arbitrary only if, in light of the factual and

legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991) (quoting Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953)) (internal citation moved to external citation). Mere negligence on a union's part does not constitute a breach by a union of its duty of fair representation. United Steelworkers v. Rawson, 495 U.S. 362, 371-73 (1990). For example, a two-year delay in processing a termination grievance was "not per se unreasonable" when plaintiff had "submitted no proof that the Union typically processes other grievances faster than his, or that the Union acted with bad faith." Armstrong v. Chrysler Corp., 972 F. Supp. 1085, 1090 (E.D. Mich. 1997).

Based on the facts of the present case and the above-cited legal principles, I conclude that no reasonable factfinder could find that the union breached its duty to fairly represent plaintiff and that, therefore, the union's motion for summary judgment must be granted. Taking the facts in the light most favorable to plaintiff, the union's handling of the grievance relating to his emergency placement was not arbitrary, discriminatory or in bad faith. Plaintiff's argument that the union untimely filed the grievance is effectively moot because the Postal Service did not raise a timeliness issue but decided the case on the merits. Plaintiff also presents no evidence that the union's decision to hold the grievance in abeyance pending the MSPB proceeding was arbitrary, discriminatory or in bad faith. As long as its motives were not improper, the union was within its rights to determine that the grievance was not meritorious enough to justify the costs of an arbitration, and plaintiff casts no doubt on the union's motives. Plaintiff's argument that he could have stopped the removal if the union had arbitrated the emergency placement grievance is speculative in the extreme. But even if things would have developed as plaintiff envisions, which we have no way of knowing, his

claim against the union still fails because he does not establish that the union acted arbitrarily, discriminatorily or in bad faith.

Plaintiff also contends that the union acted improperly in settling his grievance. Once again, however, he fails to satisfy the requirements for proving a breach of fair representation claim. The most that the union could have won for plaintiff by arbitrating the grievance was approximately eight days of back pay. Plaintiff presents no evidence that settling for sixteen hours of pay was unreasonable, much less that it was arbitrary, discriminatory or in bad faith.

In sum, plaintiff falls well short of meeting the demanding standard for establishing a breach by the union of its duty to fairly represent him.

Thus, for the reasons stated,

**IT IS ORDERED** that the defendant's motion for summary judgment is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 13th day of July, 2006.

s/Lynn Adelman
LYNN ADELMAN
U.S. District Judge